1

UNITED STATES DISTRICT COURT

2

EASTERN DISTRICT OF WASHINGTON

3

4  COREY J. PATNAUDE,                          No. 12-cv-204-JPH

5                    Plaintiff,                  ORDER GRANTING

6  vs.                                          DEFENDANT'S MOTION  FOR

                                                SUMMARY JUDGMENT
7  CAROLYN W. COLVIN, Acting

   Commissioner of Social Security,

8
                   Defendant.
9

10      BEFORE THE COURT are cross-motions for summary judgment. ECF

11  Nos. 14 and 16. The parties have consented to proceed before a magistrate judge.

12  ECF No. 7. After reviewing the administrative record and the parties' briefs, the

    court **grants** defendant's motion for summary judgment, **ECF No. 16**.

13                              **JURISDICTION**

14      Patnaude protectively applied for disability insurance benefits (DIB) and

15  supplemental security income (SSI) benefits on October 21, 2010. He alleged onset

    as of the amended date of September 10, 2010 (Tr. 38, 197-98, 199-207). Benefits

16  were denied initially and on reconsideration (Tr. 144-46, 147-50, 153-54, 155-56).

17  ALJ Caroline Siderius held a hearing on August 2, 2011 (Tr. 36-72) and issued an

    unfavorable decision on August 23, 2011 (Tr. 17-29). The Appeals Council denied

18  review on March 7, 2012 (Tr. 1-5). The matter is before the Court pursuant to 42

19  U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 17, 2012.

    ECF Nos. 2 and 5. [This is plaintiff's second application for benefits. His prior

ORDER - 1

October 2009 applications were denied in an ALJ decision dated September 9, 2010. Tr. 129-40.]

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized as necessary to explain the court's decision.

Patnaude was 38 years old at onset. He earned a GED and has worked as a cashier at a casino, boiler assistant, dishwasher and kitchen helper. He testified his last job was at Olive Garden for four or five months. He helped with dishwashing and as a "prep cook." He has been in prison twice (Tr. 48-49, 54, 56, 64, 84, 134, 210, 229-30, 236). Patnaude alleged disability based on physical and mental limitations, but he appeals only the ALJ's findings with respect to mental limitations. ECF No. 15 at 10-14.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established  a five-step sequential evaluation process

or determining whether a person is disabled. 20 C.F.R. §§  404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§  404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of  impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§  404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9ᵗʰ Cir. 1984).

## STANDARD OF REVIEW

Congress  has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9ᵗʰ Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9ᵗʰ Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9ᵗʰ Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9ᵗʰ Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9ᵗʰ Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9ᵗʰ Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ

ORDER - 4

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Siderius found Mr. Patnaude was insured through March 31, 2011. She found Patnaude did not work at SGA levels after onset (Tr. 19). At steps two and three, the ALJ found Patnaude suffers from congenital right lower extremity defect, chronic back/pelvic pain, depression and borderline intellect, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 19-20). The ALJ found Patnaude can perform a range of light work (Tr. 23). At step four, she found Patnaude is unable to perform any past relevant work (Tr. 27). At step five, relying on a vocational expert's opinion, the ALJ found Patnaude is capable of performing other jobs, such as escort vehicle driver and surveillance system monitor (Tr. 28). The ALJ concluded Patnaude was not disabled from September 10, 2010 through date of the decision, August 23, 2011 (Tr. 28).

## ISSUES

Patnaude alleges the ALJ failed to properly weigh the medical evidence, specifically, the contradicted opinions in 2009 and 2011 of examining psychologist John Arnold, Ph.D. ECF No. 15 at 10-14; Tr. 292-99, 312-25. With respect to the first opinion, the Commissioner responds that the ALJ's reasons are specific, legitimate and supported by substantial evidence. ECF No. 17 at 6-12. The Commissioner admits the ALJ erred when she failed to give specific and legitimate reasons for "rejecting" Arnold's 2011 opinion but asserts the decision itself is

ORDER - 5

supported by substantial evidence in light of the record as a whole and any error is harmless. Accordingly, the Commissioner asks the Court to affirm the ALJ's decision. ECF No. 17 at 17.

## DISCUSSION

### *Dr. Arnold's 2009 evaluation*

Patnaude alleges the ALJ failed to properly credit the marked and moderate cognitive, as well as moderate social, limitations assessed by Dr. Arnold following his 2009 evaluation. ECF No. 15 at 10-14. The Commissioner responds that the ALJ relied instead on the opinion of another examining psychologist, Jay M. Toews, Ed.D., when she rejected Arnold's opinion -- a specific, legitimate reason supported by substantial evidence. ECF No. 17 at 6-11.

The Commissioner is correct.

A contradicted medical opinion can be rejected for specific and legitimate reasons that are supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints as specific, legitimate reasons for discrediting a treating [in this case, examining] physician's opinion. *See Flaten v. Sec. of Health and Human Serv.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). An examining doctor's opinion is entitled to greater weight that the opinion of a nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir 1995). ,

ALJ Siderius rejected Dr. Arnold's 2009 assessed marked and moderate limitations relying (in part) on the opinion of examining psychologist Toews and Patnaude's discredited credibility. The ALJ also notes Arnold estimated functional

ORDER - 6

limitations would "only last between six and nine months." Finally, Arnold opined PAI test responses were "interpretable but embellished" (Tr. 24-27, 296-97).

To be disabled, a plaintiff must be unable to work due to a medically determinable impairment which is expected to result in death or last at least 12 months. 20 C.F.R. §§ 404.1505, 416.905.  Dr. Arnold's limitations do not last the required 12 months, which alone is sufficient for rejecting his assessment.

*Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Patnaude's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester,* 81 F.3d at 834.

Patnaude does not challenge the ALJ's negative credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). The ALJ relied on the lack of medical evidence to support allegedly severe limitations. Patnaude failed to follow medical treatment recommendations, including wearing orthotics and going to physical therapy, without adequate explanation. He did not seek mental health treatment and failed to seek any type of medical treatment regularly despite allegedly disabling impairments. He testified he took no medication. (Tr. 24, 57-58, 137, 338, 341). The unchallenged finding is fully supported. *See Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 200); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)  (lack of

consistent treatment and unexplained or inadequately explained noncompliance with medical treatment are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, and inconsistencies between statements and conduct).

As part of Dr. Toews' March 2011 evaluation, he reviewed Dr. Arnold's 2009 report. Toews administered tests but felt results are of "questionable validity" because they suggest poor cooperation, poor motivation and/or exaggeration of psychopathology. Toews' diagnosis included probable symptom exaggeration, rule out malingering. He notes Patnaude's history of drug abuse with recent use (Tr. 312-16).

Plaintiff alleges Toews "did not assess Mr. Patnaude's ability to do work activity." ECF No. 15 at 12. This is clearly incorrect. Dr. Toews opined Patnaude appears able to comprehend and remember at least simple one and two step instructions, and is capable of performing repetitive types of work. There is no indication of physical or psychiatric problems that would preclude the ability to complete a full work day or perform at a normal pace and be persistent (Tr. 316).

The RFC assessed is generally consistent with Dr. Toews' opinion. The ALJ found Patnaude is able to perform one to three step tasks, should not perform detailed work, changes in work settings are limited to occasionally. He should perform no more than ordinary production requirements (Tr. 23, 66).

The ALJ's reasons for rejecting some of Dr. Arnold's assessed limitations are specific and legitimate. An ALJ may reject a doctor's opinion when it is inconsistent with the reports of other doctors or with other evidence in the record. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999).

*Dr. Arnold's June 2011 evaluation*

Dr. Arnold examined Patnaude again in June 2011, about three months after Dr. Toews' evaluation (Tr. 354-61). The Commissioner concedes the ALJ erred by

failing to give legitimate reasons for rejecting this opinion, but alleges the error is harmless. ECF No. 17 at 12-13.

Inexplicably plaintiff alleges the VE testified there would be no work "in the national economy Mr. Patnaude would be capable of performing" if Arnold's limitations are included. ECF No. 15 at 14.

This is incorrect. According to the record, the VE testified that a person with the mental limitations assessed by Dr. Arnold in 2011 would be *able* to perform the job of escort vehicle driver (Tr. 70-71, 356-57). The ALJ's failure to provide legitimate reasons for rejecting Dr. Arnold's later opinion is harmless because even if the opinion had been credited it does not change the ALJ's ultimate disability conclusion. An error is harmless when the correction of that error would not alter the result. *Johnson v. Shalala*, 60 F.3d 1428, 1436  n. 9 (9th Cir. 1995). An ALJ's decision will not be reversed for errors that are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)(internal citations omitted). The record reflects that counsel asked the VE to consider the limitations assessed by Dr. Arnold in 2011. The VE did so, and opined the job of escort vehicle driver could be performed. At least one occupation existing in significant numbers in the national economy is sufficient to support a finding that a claimant is not disabled. 20 C.F.R. § 416.966(b); *Tommasetti v. Astrue*, 533 F.3d 1035, 1043-44 (9th Cir. 2008).

In his reply Patnaude alleges he "was unable to get a driver's license, and thus, the position of an escort vehicle driver would be eliminated as well." ECF No. 18 at 2. There is no citation to the record. The VE testified that a "driver's license would be a barrier to employment which an individual can overcome." (Tr. 70). Patnaude testified he had never had a driver's license because he "just never tried to get one." (Tr. 48).

The ALJ notes Patnaude's activities have included shopping, attending

church, riding the bus, doing beadwork, reading books and using a computer (Tr. 21; 218-19, 251-52, 294, 308). Patnaude fails to point to any competent evidence showing greater limitations than those assessed by the ALJ.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 16** is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 3rd day of September, 2013.

_s/James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER - 10